# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GERALDINE ROBINSON,              )
                                 )
              Plaintiff,          )
                                 )
     v.                          )          1:12CV301
                                 )
JOE W. BOWSER, in his            )
official and individual          )
capacity; DURHAM COUNTY          )
BOARD OF COUNTY COMMISSIONERS;   )
DURHAM COUNTY DEPARTMENT         )
OF SOCIAL SERVICES BOARD;        )
STAN HOLT, in his official       )
capacity; and GAIL PERRY,        )
in her official capacity,        )
                                 )
              Defendants.         )

## MEMORANDUM OPINION AND ORDER

The instant matter comes before the Court for disposition of: (1) the Motion to File Document Under Seal by Defendant Joe W. Bowser (Docket Entry 79); (2) Defendants' Joint Motion to File Documents Under Seal (Docket Entry 85); (3) Plaintiff's Motion to Seal Confidential Documents Designated and Filed by Defendants (Docket Entry 87); (4) Plaintiff's Motion to File Documents Under Seal (Docket Entry 100); and (5) Plaintiff's Motion to File Memoranda of Law in Opposition to Defendants' Motions for Summary Judgment under Seal (Docket Entry 102). For the reasons that follow, the Court will grant in part and deny in part Defendant Bowser's Motion to Seal, the Joint Defendants' Motion to Seal, Plaintiff's Motion to Seal Documents, and Plaintiff's Motion to Seal Memoranda of Law, and will deny Plaintiff's Motion to Seal Documents Designated and Filed by Defendants.

# I. BACKGROUND

The instant action arises from a dispute regarding Plaintiff's termination from her position as Director of Social Services of the Durham County Department of Social Services ("DSS"). (See Docket Entry 3.) Plaintiff filed her Complaint against Joe W. Bowser, a county commissioner and a member of the DSS Board (in both his official and individual capacities), the Durham County Board of County Commissioners, the DSS Board, and Stan Holt and Gail Perry, members of the DSS Board (in their official capacities) "to recover damages and equitable relief from Defendants on account of Defendants' violations of Section 1983 of the Civil Rights Act (42 U.S.C. § 1983) and also violations of North Carolina statutory and common law." (Id. at 1-3.)[1] Specifically, the Complaint asserts claims for "Tortious Interference with Contract" (id., ¶¶ 33-40); "Defamation and Slander" (id., ¶¶ 41-50); "Violation of 42 U.S.C. § 1983" (id., ¶¶ 51-66); "Whistleblower Claim" (id., ¶¶ 67-71); "Corum Claim" (id., ¶¶ 72-75);[2] and "Wrongful Termination in Violation of Public Policy" (id., ¶¶ 76-78).

---

[1] All pin citations refer to the pagination in the footer appended to each document by the CM/ECF system.

[2] "In the absence of an adequate state remedy . . ., one whose state constitutional rights have been abridged has a direct claim for monetary damages against the State under the North Carolina Constitution, known as a 'Corum Claim.'" Fothergill v. Jones Cnty. Bd. of Educ., No. 4:09-CV-190-BO, 2010 WL 4338101, at *3 (E.D.N.C. Oct. 22, 2010) (unpublished) (citing Corum v. University of N.C. through Bd. of Governors, 330 N.C. 761, 783-87, 413 S.E.2d 276, 290-92 (1992)).

The Parties now move to file certain briefs or attachments to said briefs under seal in connection with pending summary judgment motions.  Specifically, Defendant Bowser seeks to file under seal his Memorandum of Law in Support of Summary Judgment of Defendant Bowser (Docket Entry 78).  Defendants jointly seek to file under seal a number of attachments to their Memorandum in Support of Motion for Summary Judgment by Defendants (see Docket Entries 84-1 - 84-17).  Plaintiff seeks to file under seal: (1) certain documents submitted by Defendants in connection with their joint summary judgment motion (see Docket Entry 87); (2) her memoranda of law in opposition to Defendants' summary judgment motions (see Docket Entries 93, 95, 97); and (3) certain attachments to her memoranda in opposition to Defendants' summary judgment motions (see Docket Entries 99-1 - 99-19).

With respect to his Motion to Seal, Defendant Bowser contends that

> [t]he Memorandum of Law in Support of Motion for Summary Judgment contains confidential and private information about non-parties that is prohibited from disclosure under North Carolina statute, specifically N.C. [Gen. Stat.] § 153A-98.  Therefore, Defendant Bowser is filing a redacted version of his Memorandum of Law in Support of Motion for Summary Judgment for the public record [and] moves to file an unredacted version of the same document under seal to aid the Court in ruling on Defendant Bowser's Motion for Summary Judgment.

(Docket Entry 80 at 1-2.)  In connection with the Joint Motion for Summary Judgment, Defendants similarly contend that "[s]everal of the documents cited in the memoranda of law [supporting that summary judgment motion] contain confidential and private

-3-

information that is prohibited from disclosure under certain North Carolina statutes [and that] [t]herefore, [] Defendants [] move to file under seal those documents prohibited from disclosure under North Carolina statutes to aid the Court in ruling on the motion for summary judgment" (Docket Entry 86 at 1).

Within their Joint Motion to Seal, Defendants note that "[c]ertain documents subject to this Motion are included only because they reveal information that may be considered to be derived from Plaintiff's 'personnel file' [but that] Defendants believe that Plaintiff has waived any protection she might have enjoyed under N.C. Gen. Stat. § 153A-98 for such information." (Id. at 2.) Defendants go on to state that, "[t]o be clear, Defendants do not believe that any document that is subject to this Motion for the sole reason that it contains information from Plaintiff's 'personnel file' should remain sealed." (Id.) Apparently in response to those statements (and on Order of the Court (see Docket Entry dated May 5, 2013)), Plaintiff filed her own Motion to Seal Confidential Documents Designated and Filed by Defendants (Docket Entry 87) contending that "the documents that Defendants have submitted from Plaintiff's personnel file should [] be maintained in a confidential manner and any such personnel documents submitted by Defendants must be filed under seal" and that, "[i]n addition, Defendants have submitted other documents (including excerpts from deposition pages, deposition exhibits, and other documents) which should be sealed" (id., ¶¶ 2-3).

-4-

Plaintiff subsequently filed several Memoranda in opposition to Defendants' various summary judgment motions. (See Docket Entries 93, 95, 97.) She redacted portions of each of those Memoranda to conceal information that, in her view, should remain under seal (see Docket Entry 93 at 4 n.1, 5-8, 12-13, 20 n.14; Docket Entry 95 at 5 & n.1, 6-9, 13, 20 n.10; Docket Entry 97 at 5 & n.1, 6-8, 12-13) and filed a corresponding Motion to file unredacted versions of those memoranda under seal with the Court (see Docket Entry 102). Plaintiff also separately moved the Court to maintain under seal certain attachments to those Memoranda. (See Docket Entry 100.)

## II. STANDARD

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements. As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." Virginia Dep't of State Police v. The Washington Post, 386 F.3d 567, 576 (4th Cir. 2004) (internal citations and quotation marks omitted); see also United States v. Moussaoui, 65 F. App'x 881, 889 (4th Cir. 2003) ("We therefore must examine [materials submitted under seal] document by document to determine, for each document, the source of the right of access (if any such right exists). As to those documents subject to a right of access, we must then conduct the appropriate balancing to determine whether the remainder of the document should remain

-5-

sealed, in whole or in part.  The burden of establishing that a particular document should be sealed rests on the party promoting the denial of access." (internal citation omitted)).  Procedurally:

> [the district court] must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision for rejecting alternatives to sealing. Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review.

Virginia Dep't of State Police, 386 F.3d at 576 (internal citation omitted).[3]

Because Defendants filed the documents at issue in connection with dispositive motions, the more rigorous First Amendment standard applies.  See Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) ("Once the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery . . . . We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case." (internal quotation marks omitted)).  Thus, the Court may grant the Parties' motions to seal "'only on the basis of a compelling governmental interest and only if the

---

[3] The docketing of a motion to seal can satisfy the "public notice" element of the "procedural" portion of the Fourth Circuit's sealing standard.  See Stone v. University of Md. Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988).  The Court observes that the instant Motions have been publicly docketed since, as to the most recent, June 6, 2013.  (See Docket Entry 102.)  Accordingly, any interested party has had sufficient time to seek intervention to contest any sealing order.

denial [of access] is narrowly tailored to serve that interest.'" Bell v. Shinseki, No. 1:12CV57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013) (unpublished) (quoting Stone v. University of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988)).[4]  Accordingly, the Court must balance this First Amendment right of access against the competing interests identified by the Parties.

### III. DISCUSSION

#### A. Defendant Bowser's Motion to Seal

Defendant Bowser's Memorandum in support of his summary judgment motion redacts five lines of text on page 24 (see Docket Entry 77 at 24), 18 lines of text on page 27-28 (see id. at 27-28), half a line of text in footnote 17 on page 32 (see id. at 32 n.17), and half a line of text in footnote 19 on page 33 (see id. at 33 n.19).  With the exception of page 24, those redacted portions concern sensitive personnel information regarding a non-party DSS employee.  Said information appears to represent the sort that courts recognize as raising privacy concerns.  See generally Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 72-73 (S.D.N.Y. 2010) (collecting numerous cases demonstrating that "courts have

---

[4] "[I]n the context of a civil case involving nongovernmental litigants and/or third-parties [who have interests subject to harm by disclosure], [case law has yet to] define . . . a 'governmental interest' . . . .  Some courts have . . . substitut[ed] the notion of 'higher value' for 'governmental interest' in such contexts." Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc., No. 1:05CV955, 2011 WL 6934696, at *6 n.4 (M.D.N.C. Dec. 30, 2011) (unpublished).  This Court finds that approach consistent with decisions by the United States Court of Appeals for the Fourth Circuit, see id. (citing cases), and thus will adopt it in this case.

generally characterized personnel files as confidential and found it appropriate to enter protective orders governing their use in litigation because of the inherent potential harm or embarrassment if the information they contain is revealed").

Under the circumstances of this case, the interest in keeping such information (and other sensitive personal material regarding third-parties) private outweighs the First Amendment right of access and the Court will grant Defendant Bowser's Motion to Seal as to those portions of Defendant Bowser's Memorandum. See United States v. Smith, 776 F.2d 1104, 1115 (3d Cir. 1985) ("The trial judge in this case was sensitive to the First Amendment interests involved. He followed . . . procedural protections . . . and concluded this process by making detailed findings that explain the overriding interests which he perceived to be in jeopardy . . . . The overriding interests that the trial judge acted to protect were interests of a character that this court has previously recognized as worthy of protection in a similar context - the reputational and privacy interests of third parties."); Brigham Young Univ. v. Pfizer, Inc., 281 F.R.D. 507, 511-12 (D. Utah 2012) ("[J]udicial documents may still be kept under seal if there are weightier countervailing factors in the common law or 'higher values' in the First Amendment framework. Thus, even with judicial documents, a court must balance . . . the private interests of innocent third-parties . . . ." (internal footnote and some quotation marks omitted)); Nettles v. Farmers Ins. Exchange, No. C06-5164RJB, 2007 WL 858060, at *1 (W.D. Wash. Mar. 16, 2007) (unpublished) (granting

-8-

motion to seal in part because information at issue related to non-parties "who have not sought to place [their] private information in the public sphere"); <u>Vassiliades v. Isrealy</u>, 714 F. Supp. 604, 605 (D. Conn. 1989) ("Both the common law and the first amendment protect the public's right of access to court documents. . . . The right of access, however, is not absolute. It can be overcome by a showing that placing the documents in question under seal will further other substantial interests, for example, . . . a third party's privacy interests.").

The information contained on page 24, however, which relates to Defendant Bowser's advocacy for the hiring of a specific candidate for a DSS position and that candidate's prior termination from the City of Durham, also appears on page 76 of Plaintiff's deposition (see Docket Entry 84-16 at 14). Defendants withdrew a previous request to file page 76 of Plaintiff's deposition under seal after Plaintiff's objection "because (i) there is no information on this page applicable to the prohibitions of N.C. Gen. Stat. § 153A-98 because the employee referenced was a city employee rather than an employee of any of the parties, and (ii) for the further reason that the testimony does not indicate that the information being discussed was obtained from the city's personnel file." (Docket Entry 89 at 2.) Accordingly, because that information will appear publicly elsewhere on the record, no grounds exist to maintain page 24 of Defendant Bowser's Memorandum under seal.

B. Joint Defendants' Motion to Seal (Docket Entry 85) &
   Plaintiff's Motion to Seal Documents Filed
   by Defendants (Docket Entry 87)

In their Joint Motion to Seal, Defendants identify documents related to non-parties that purportedly merit sealing (see Docket Entry 86 at 6-7), as well as personnel records of Plaintiff which they contend do not (see id. at 7-8). Plaintiff's Motion to Seal addresses the latter of these categories. (See Docket Entry 87.)

i. Non-party Personnel Information

Regarding personnel and/or sensitive information of non-parties, Defendants move the Court to seal the following:

- the "EEOC Charge of Discrimination by Durham County Employee on 09/29/10 that is from the employee's personnel file as defined in N.C. Gen. Stat. § 153A-98" (Docket Entry 86 at 6; see also Docket Entry 84-7);

- "[e]xcerpts from the transcript of the deposition of Plaintiff in which DSS client information protected by N.C. Gen. Stat. § 108A-80 was discussed, specifically: Plaintiff's Deposition, at 103, 187-188" (Docket Entry 86 at 6; see also Docket Entry 84-16 at 27-29);

- "[e]xcerpts from the transcripts of certain depositions in which information related to DSS employee personnel files and protected by N.C. Gen. Stat. § 153A-98 was discussed, specifically:

  1. Plaintiff's Deposition, at 36-42, 60, 72-74, 76-88.
  2. Gail Perry Deposition, at 93.

-10-

3.    Carolyn Carver-Tann Deposition, at 190." (Docket Entry 86 at 6-7.)

a.  EEOC Charge of Discrimination by Durham County Employee

Defendants move to file under seal the EEOC charge of a non-party "that is from the employee's personnel file." (Docket Entry 86 at 6.)  Plaintiff does not object to Defendants filing this document under seal, but "does not insist" on such sealing.  (See Docket Entry 88 at 7.)  Regardless, because an EEOC charge qualifies as a public record, see Briggs v. T&D Plumbing & Heating Co., Inc., No. WDQ-10-2714, 2011 WL 3798227, at *4 n.18 (D. Md. Aug. 24, 2011) (unpublished) ("[T]his Court could take judicial notice of the discrimination charge as a matter of public record."); see also Fabisch v. University of Minn., 304 F.3d 797, 802 (8th Cir. 2002) ("[W]e conclude that an EEOC charge is part of the public record . . . ."); Simpson v. G4S Secure Solution (USA), Inc., No. 12-2875-STA-tmp, 2013 WL 2014493, at *3 (W.D. Tenn. May 13, 2013) (unpublished) ("EEOC charges and related documents like right-to-sue letters qualify as public records."), no grounds exist to seal this EEOC charge and the Court will deny that aspect of the instant Motion.

b. Plaintiff's Deposition Pages 103, 187-88

Defendants seek to file pages 103 and 187-88 of Plaintiff's deposition under seal because those pages reflect discussions of "DSS client information protected by N.C. Gen. Stat. § 108A-80." (Docket Entry 86 at 6.)  "Plaintiff does not object to these documents being filed, and consents to these pages being sealed."

-11-

(Docket Entry 88 at 8.) Although those pages of Plaintiff's deposition include references to the case information of a DSS customer (see Docket Entry 84-16 at 27-29), that same information appears to have been made public in a newspaper article dated July 28, 2011, that Plaintiff filed publicly with the Court (see Docket Entry 98-2). Accordingly, no grounds exist for sealing pages 103 and 187-88 of Plaintiff's deposition (Docket Entry 84-16 at 27-29).

### c. Deposition Excerpts Related to DSS Personnel Files (other than Plaintiff's)

Under this category, Defendants seek to file under seal pages 36-42, 60, 72-74, and 76-88 of Plaintiff's deposition (Docket Entry 84-16 at 3-26), page 93 of Gail Perry's deposition (Docket Entry 84-15 at 9), and page 190 of Carolyn Carver-Tann's deposition (Docket Entry 84-11 at 4). Plaintiff objects only to the filing under seal of page 76 of her deposition (Docket Entry 84-16 at 14). (See Docket Entry 88 at 8.)[5] By way of Reply, Defendants withdrew their request to file page 76 of Plaintiff's deposition under seal. (See Docket Entry 89 at 1-2.) Because page 77 appears to primarily reflect a continuation of the discussion on page 76 (see Docket Entry 84-16 at 15), it, too, warrants unsealing, leaving only pages 36-42, 60, 72-74, and 78-88 at issue (id. at 3-13, 16-26).

Pages 36-42 of Plaintiff's deposition involve discussions of the EEOC charge of the Durham County employee previously discussed.

---

[5] Plaintiff also objected to Defendants filing page 75 of her deposition under seal (see Docket Entry 88 at 8), but, as Defendants note, they do not seek to file page 75 under seal (see Docket Entry 89 at 1).

(See id. at 3-9.)  Because, for the reasons stated above, the EEOC charge itself does not warrant sealing, no grounds exist to seal that portion of Plaintiff's deposition.  The remaining pages of Plaintiff's deposition and the depositions of Ms. Perry and Ms. Carver-Tann, however, refer to the personnel and otherwise sensitive information of other non-parties.  Moreover, the record contains no indication that such information ever became public. For reasons previously stated, this material implicates privacy interests, the protection of which outweighs the First Amendment right of access to these deposition pages.

### ii. Plaintiff's Personnel Information

With respect to those documents that Defendants "submit[] for filing under seal . . . that relate to Plaintiff's own job performance [but which] Defendants maintain . . . need not remain sealed" (Docket Entry 86 at 7-9), Defendants identify:

- the "EEOC Charge of Discrimination by Plaintiff, filed on October 11, 2011" (id. at 7);

- "[d]ocuments that include performance evaluations, or responses to performance evaluations, of Plaintiff" (id.);

- "[a] document that includes closed session minutes from a DSS Board meeting in which Plaintiff's job performance was discussed" (id.);

- "[e]xcerpts from the transcripts of certain depositions in which information related to the performance evaluations of Plaintiff or information related to closed session meetings of

-13-

the DSS Board in which Plaintiff's job performance was discussed, specifically:

1.    Plaintiff's Deposition at 227, 314-15.

2.    Carolyn Carver-Tann Deposition at 56.

3.    Stan Holt Deposition at 35, 36, 78, 83, 113, 123, 259-62.

4.    Gladys Dunston Deposition at 38-39, 55, 129.

5.    Gail Perry Deposition at 70, 83-86, 88.

6.    Gloria Green Deposition at 61, 62, 63-66, 68-70, 115, 159.

7.    Joe Bowser Deposition at 46, 48, 49, 59-61.

8.    Michael Ruffin Deposition at 25, 26." (id. at 7-8.)

Through her own Motion to Seal, Plaintiff contends that "the documents that Defendants have submitted from Plaintiff's personnel file should [] be maintained in a confidential manner, and any such personnel documents submitted by Defendants must be under seal" (Docket Entry 88 at 1-2).  As a basis for her position, Plaintiff relies in large part on the provisions of N.C. Gen. Stat. § 153A-98 and N.C. Gen. Stat. §§ 126-22 - 126-24 and her corresponding argument that said statutes reflect "a strong legislative intent and public policy to treat employees' personnel files in a confidential manner" (Docket Entry 88 at 5).[6]

_____

[6] In connection with her argument that information revealed during closed door sessions of the DSS Board should remain confidential, Plaintiff offers that "N.C. Gen. Stat. § 132-1.1(a) provides that such confidential information must remain confidential for three years; after that period, the minutes become public records." (Docket Entry 88 at 8-9.)  Plaintiff, however, has not cited any authority applying N.C. Gen. Stat. § 132-1.1(a)
(continued...)

-14-

North Carolina law provides:

> Notwithstanding the provisions of [N.C. Gen. Stat. §] 132-6 or any other general law or local act concerning access to public records, personnel files of employees, former employees, or applicants for employment maintained by a county are subject to inspection and may be disclosed only as provided in this section.

N.C. Gen. Stat. 153A-98(a). Similarly, North Carolina law states:

> Except as provided by [N.C. Gen. Stat. §] 126-23 and 126-24, personnel files of State employees shall not be subject to inspection and examination as authorized by [N.C. Gen. Stat. §] 132-6.

N.C. Gen. Stat. § 126-22.[7] However, Plaintiff has not cited any authority that those concerns inevitably outweigh the need for transparency in federal judicial proceedings or that those statutes should play a role in this Court's assessment of the propriety of sealing judicial documents beyond providing some indication that such information qualifies as potentially sensitive. Moreover, the fact that both of those statutes allow for some exception for the inspection of personnel records upon a court order, see N.C. Gen. Stat. § 153A-98(c)(4) (allowing inspection "[b]y order of a court of competent jurisdiction"); N.C. Gen. Stat. § 126-24(4) (allowing

---

[6](...continued)
to similar circumstances, nor has she explained how that statute, which on its face appears to address communications "made within the scope of the attorney-client relationship," N.C. Gen. Stat. 132-1.1(a), would apply to the information at issue. (See Docket Entry 88 at 8-9.)

[7] Under N.C. Gen. Stat. § 153A-98(a): "For purposes of this section, an employee's personnel file consists of any information in any form gathered by the county with respect to that employee and, by way of illustration but not limitation, relating to his application, selection or nonselection, performance, promotions, demotions, transfers, suspensions and other disciplinary actions, evaluation forms, leave, salary, and termination of employment."

-15-

a party to inspect a particular confidential portion of a State employee's personnel file "by authority of a proper court order"), indicates that those provisions do not establish any bar to the disclosure of such materials in the context of court proceedings.

In addition, the sole authority that Plaintiff does cite, Toomer v. Garrett, 155 N.C. App. 462, 471-72, 574 S.E.2d 76, 85 (2002), which she contends "upheld this legislative intent [of maintaining personnel information in confidence]" (Docket Entry 88 at 5), fails to support Plaintiff's position. In that case, the plaintiff brought suit over a prior disclosure of personnel information including his "social security number, medical diagnoses, family member names and addresses and personal financial data" and the North Carolina Court of Appeals allowed the plaintiff's claim to proceed, specifically noting the defendant's "wholesale public disclosure" of the plaintiff's personnel information. Toomer, 155 N.C. App. at 471-72, 574 S.E.2d at 85. The scope of the information in jeopardy of disclosure here does not sweep nearly so broadly and, in fact, solely addresses Plaintiff's job performance - one of the central issues of this action. In addition, unlike in Toomer, "[a]rguably, [P]laintiff has waived any interest in the confidentiality of her own personnel records that are relevant to [this action] by challenging [Defendants'] employment decisions in court, thereby placing her personnel records in issue." Johnson v. Baltimore City Police Dep't, No. ELH-12-2519, 2013 WL 497868, at *5 (D. Md. Feb. 7, 2013) (unpublished); see also Ennis v. Town of Kill Devil Hills, No.

-16-

2:12-CV-9-F, 2012 WL 1473391, at *4 n.2 (E.D.N.C. Apr. 27, 2012) (unpublished) ("The court has reservations whether N.C. Gen. Stat. § 160A-168 [- a statutory provision that mirrors the language of N.C. Gen. Stat. § 153A-98 but addresses city and town, rather than county, administrative personnel -] provides a sufficient interest to overcome the First Amendment right or common law right of access where, as here, [the] [p]laintiffs have made the substance of the protected personnel files central to the merits of some of their claims.").

Plaintiff also highlights that the Parties "have consented to a Protective Order that such information should be designated as confidential." (Docket Entry 88 at 7.) Such an order, however, merely reflects the existence of grounds to keep certain information confidential during the course of discovery. As this Court has previously noted, "the standard for maintaining information exchanged during the course of discovery as confidential and the standard for maintaining information filed with the Court under seal do not necessarily align - especially when the documents a party seeks to seal are filed in connection with a dispositive motion . . . . Indeed, courts in the Fourth Circuit have made it clear that the mere fact that a document was subject to a blanket protective order does not relieve the parties or a court of the obligation to comply with the Fourth Circuit's otherwise applicable sealing regimen." Colony Ins. Co. v. Peterson, No. 1:10CV581, 2012 WL 1047089, at *2 (M.D.N.C. Mar. 28, 2012) (unpublished).

-17-

In balancing the interests raised by Plaintiff against the public's First Amendment right of access, the Court notes that each of the documents or excerpts at issue addresses Plaintiff's performance or the board's perception of Plaintiff's performance. Specifically, Docket Entry 84-1 consists of a letter written "[o]n behalf of the [DSS] Board of Directors [in order to] provide [their] assessment of [Plaintiff's] performance over the past six months since her appointment as agency director." Docket Entries 84-2, 84-3, and 84-4 are documents related to a DSS Director Evaluation of Plaintiff dated April 12, 2011. Docket Entry 84-5 is a memorandum written by Plaintiff regarding follow-up on her April 2011 performance review, including concerns regarding her "abrasive management style." Docket Entries 84-6 and 84-9 contain e-mail references to a DSS Board closed session meeting called for the purpose of "hear[ing] from the County Manager concerns he has regarding [Plaintiff's] management style." Docket Entries 84-10, 84-11 at page 3, 84-12, 84-13, 84-14, 84-15 at pages 1-8, and 84-17 reflect testimony from both Defendants and witnesses regarding discussions and perceptions of Plaintiff's performance, including discussions which occurred at closed door sessions of the DSS Board. Finally, Docket Entry 84-16 at pages 30-32 (deposition pages 227 and 314-15) sets out Plaintiff's own testimony regarding her April 2011 employment evaluation and discussions during closed door sessions regarding her performance.

In the context of Plaintiff's claims, the foregoing information appears highly relevant and, indeed, critical to

-18-

whether liability lies against Defendants for certain of Plaintiff's claims. For example, Plaintiff's wrongful discharge claim requires proof that Defendants' "motivation in terminating [P]laintiff violated [the] public policy [at issue]," Crespo v. Delta Apparel, Inc., No. 5:07CV65-V, 2008 WL 2986279, at *5 (W.D.N.C. July 31, 2008) (unpublished), and, thus, to the extent Defendants can prove their motivation in terminating Plaintiff stemmed instead from concerns over performance, Plaintiff's claim would fail. Against this, Plaintiff has only cited general concerns of avoiding annoyance and embarrassment. (See Docket Entry 88 at 6.) Under these circumstances, the Court will not maintain under seal those documents relating to Plaintiff's performance or perceptions of Plaintiff's performance in her role as Director of Social Services of the Durham County DSS. See Sawicki v. Morgan State Univ., Civil No. WMN-03-1600, 2005 WL 5351448, at *15 (D. Md. Aug. 2, 2005) (unpublished) ("[The] [d]efendants rest their motion on general statements invoking the confidentiality that normally attaches to student records and personnel decisions, but otherwise do not point to any significant countervailing interest to justify denying the public access to these court records.").

C. Plaintiff's Motion to Seal Attachments to Memoranda (Docket Entry 100)

Plaintiff moves to file certain attachments to her Memoranda in opposition to Defendants' Motions for Summary Judgment under seal. Like the attachments relevant to the Joint Defendants'

-19-

Motion to Seal, some of the attachments at issue here concern non-parties and others relate to Plaintiff's job performance.

### i. Non-Party Personnel Information

Plaintiff identifies the following documents or excerpts as including sensitive non-party information warranting sealing:

- e-mail regarding non-party DSS employee's performance (see Docket Entry 99-3);

- e-mail from Plaintiff referencing DSS customer information (see Docket Entry 99-4);

- e-mail from Ms. Perry to Defendant Bowser regarding DSS Board meeting (see Docket Entry 99-7);

- e-mail regarding DSS employee demotion (see Docket Entry 99-8);

- e-mail regarding disclosure of client information during DSS Board meetings (see Docket Entry 99-9);

- Defendant Bowser's deposition at page 115 (see Docket Entry 99-12 at 3);

- Ms. Hirsch's deposition at pages 51-56 and 59-60 (see Docket Entry 99-16);

- Mr. Holt's deposition at pages 93 and 111-115 (see Docket Entry 99-17 at 5-10);

- Ms. Perry's deposition at pages 58, 69-70, and 79-80, 115-16 (see Docket Entry 99-18);

- Plaintiff's deposition at pages 36-37, 40-41, 54-56, 60, 62-67, 72-76, 78-80, 86-87, 91, 117-18, and 120-21 (see Docket Entry 104-1);

-20-

- Ms. Welton's deposition at pages 43-44, 46-48, and 69-70 (see Docket Entry 99-19).

With the exception of the excerpted pages of Plaintiff's deposition (Docket Entry 104-1) and Docket Entries 99-4, 99-7, pages 5-10 of Docket Entry 99-17, Docket Entry 99-18, and pages 4-7 of Docket Entry 99-19, each of the foregoing documents or excerpts concerns the private or personnel information of non-parties that (for reasons previously discussed) merits sealing. The pages of Plaintiff's deposition at issue (Docket Entry 104-1) warrant additional attention. Pages 36-37, 40-41, 60, 72-76, 78-80, and 86-87 were previously addressed in connection with the Joint Defendants' Motion to Seal and the entirety of that discussion will not be repeated here. In sum, pages 36-37 and 40-41 discuss the EEOC charge of a non-party DSS employee; however, because that EEOC charge constitutes a public record, the Court will not seal it or discussions related to it. With respect to pages 75-76, Plaintiff previously objected to Defendants' attempt file those pages under seal (see Docket Entry 88 at 8) and Defendants withdrew their request as to page 76 "because: (i) there is no information on this page applicable to the prohibitions of N.C. Gen. Stat. § 153A-98 because the employee referenced was a city employee rather than an employee of any of the parties, and (ii) for the further reason that the testimony does not indicate that the information being discussed was obtained from the city's personnel file" (Docket

Entry 89 at 2).[8]  Plaintiff has not explained why she now takes a
position at odds with her prior arguments.  (See Docket Entry 101.)
Accordingly, finding no particularly sensitive information in pages
75-76, the Court will not permit those pages to remain under seal.
However, the remaining pages (i.e., 60, 72-74, 78-80, 86-87)
discuss personnel information of non-party employees or identify
DSS customers, and (for reasons set forth above) the Court will
maintain those pages under seal.

     That leaves for the Court's consideration pages 54-56, 62-67,
91, 98-106, 110-14, 117-18, 120-21, and 187 of Plaintiff's
deposition.  Pages 54-56, like pages 36-37 and 40-41, appear to
discuss the EEOC charge of a non-party DSS employee and thus do not
qualify for sealing.  Because pages 62-67 contain both personnel
information of a non-party DSS employee and information regarding
DSS customers, these pages may remain under seal (for reasons
previously discussed).  Page 91 and pages 117-18 similarly
reference sensitive personnel matters related to a DSS Employee and
thus merit sealing (for reasons set forth above).  Pages 98-102 and
110-11 contain a prolonged discussion of the handling of a DSS
customer that appears to go beyond the information that has become
public, thus warranting maintenance under seal (for reasons
previously discussed); however, pages 103-06 and 187 appear to
contain information from a newspaper article publicly filed with
the Court (see Docket Entry 98-2) and thus do not merit sealing.

_____

     [8] Because Defendants had not moved to file page 75 under seal,
they did not address it further.  (See Docket Entry 89 at 1.)

-22-

Pages 112-14, although including discussions of a DSS client, contain no identifying information and thus do not require sealing. Finally, pages 120-21 generally concern the same matters regarding hiring considerations as to a non-party that appear on page 76 of Plaintiff's deposition and thus do not warrant sealing; however, because page 121 also contains additional, specific, sensitive information as to why that candidate could not apply for a position with DSS unrelated to matters at issue in this case, that material will remain under seal (for reasons set forth above).

With respect to the remaining material at issue, the Court notes that a redacted version of Docket Entry 99-4 appears at Docket Entry 81-17. The Court thus need not seal the entirety of Docket Entry 99-4. However, as to sensitive information regarding DSS customers contained on page 2, the Court will order Defendant to publicly file a redacted version of Docket Entry 99-4 in the same manner as Docket Entry 81-17. With respect to Docket Entry 99-7, the Court cannot identify any information within said document that amounts to personnel information or personal and/or sensitive matter in general that would warrant sealing that document except for a brief mention of "[Ms. Perry's] appointment" (Docket Entry 99-7 at 2) which information also appears in the Complaint (see Docket Entry 1, ¶¶ 26-27), as well as in certain briefing (see, e.g., Docket Entry 93 at 14 n.8). Accordingly, the Court will not maintain Docket Entry 99-7 under seal.

Of pages 5-10 of Docket Entry 99-17, only page 5 (page 93 of Ms. Holt's deposition) appears to contain sensitive non-party

-23-

information, as pages 6-10 either address information related to Parties to this action otherwise appearing publicly on the Docket or address DSS customers identified and discussed in such filings. Docket Entry 99-18, which primarily addresses the appointment of Ms. Perry, likewise fails to contain sensitive personnel information not already made public. Finally, with respect to pages 4-7 of Docket Entry 99-19, those pages either reference the EEOC charge of a DSS employee and thus do not warrant sealing or include generic information that likewise fails to require sealing.

### ii. Plaintiff's Personnel Records

The following documents that Plaintiff seeks to file under seal relate to Plaintiff's own information:

- Plaintiff's job performance assessment (see Docket Entry 99-1);

- Durham County DSS Director Evaluation (see Docket Entry 99-2);

- e-mail from Mr. Page to Ms. Welton regarding protection of Plaintiff from adverse treatment (see Docket Entry 99-5);

- e-mail from Ms. Green to Plaintiff regarding personnel situation (see Docket Entry 99-6);

- e-mail from Plaintiff to Ms. Welton regarding concerns about Defendant Bowser (see Docket Entry 99-10);

- e-mail from Ms. Titus to Mr. Ruffin regarding Plaintiff's job performance (see Docket Entry 99-11);

- Defendant Bowser's deposition at pages 45, 77, and 82 (see Docket Entry 99-12 at 1-2, 4);

-24-

- Ms. Carver-Tann's deposition at page 54 (see Docket Entry 99-13);

- Ms. Dunston's deposition at pages 32 and 37 (Docket Entry 101 at 7; see also Docket Entry 99-14);

- Ms. Green's deposition at pages 81-85, 87, and 156 (Docket Entry 101 at 7; see also Docket Entry 99-15); and

- Mr. Holt's deposition at pages 24 and 26-28 (Docket Entry 99-17 at 1-4).

As an initial matter, the Court has already addressed Plaintiff's job performance assessment (Docket Entry 99-1) and the DSS Director Evaluation (Docket Entry 99-2) in connection with the Joint Defendants' Motion to Dismiss (as Docket Entries 84-1 and 84-2) and, for the reasons already stated, the Court will not permit those documents to remain under seal. Moreover, many of the documents, or excerpts from documents, that Plaintiff now seeks to file under seal already appear publicly on the docket. Specifically, Defendants publicly docketed page 77 of Defendant Bowser's deposition (see Docket Entry 81-25 at 6), page 54 of Ms. Carver-Tann's deposition (see Docket Entry 81-26 at 18), page 32 of Ms. Dunston's deposition (see Docket Entry 81-27 at 9), and page 85 of Ms. Green's deposition (see Docket Entry 81-28 at 9). Plaintiff raised no concerns regarding the public filing of those documents. (See Docket Entries dated May 2, 2013, to present.) In light of their public filing, no grounds exist to now seal those deposition pages and the Court will deny Plaintiff's motion with respect to each of the foregoing. In addition, the Court can discern no basis

-25-

for the sealing of Docket Entry 99-5, which appears to lack sensitive information in any respect.

With respect to the remainder of the documents at issue, the Court cannot find that the concerns identified by Plaintiff outweigh the First Amendment right of access. These documents, which shed light on Plaintiff's performance, appear to address matters critical to her claims. Moreover, Plaintiff has again failed to articulate a single specific harm that might result from the disclosure of the information contained in the above documents. Rather, Plaintiff's instant Motion rests on the fact that said information relates either to her personnel records or describes closed door sessions and/or that the Parties had a protective order in place. Although North Carolina statutes may protect personnel records and information regarding closed door sessions, the Court cannot conclude that those statutes outweigh the First Amendment right of access, especially where, as here, Plaintiff made that information a public matter by bringing the instant action. Moreover, as previously discussed, the fact that the Parties had a protective order in place fails to satisfy the Fourth Circuit's sealing regimen. In sum, the Court will not allow maintenance of documents discussing Plaintiff's personnel records and/or job performance under seal.

D. Plaintiff's Motion to Seal Memoranda (Docket Entry 102)

Plaintiff filed three memoranda in opposition to Defendants' summary judgment motions in which she redacted certain information. (See Docket Entry 93 at 4 n.1, 5-8, 12-13, 20 n. 14; Docket Entry

-26-

95 at 5, 5 n.1, 6-9, 13, 20 n.10; Docket Entry 97 at 5, 5 n.1, 6-8, 12-13.) Plaintiff filed a corresponding Motion to Seal in which she proposed to file unredacted versions of those memoranda with the Court. (See Docket Entry 102.)

The Court has reviewed the redacted portions of those memoranda and finds the information properly sealed with the exceptions of those portions which Plaintiff apparently seeks to seal because they discuss the EEOC charge of a non-party DSS employee and those portions that relate to Marcia Conner, which information also appears on page 76 of Plaintiff's deposition (except for those portions specifying reasons why Ms. Conner did not apply for a DSS position, which may remain redacted). The Court will order Plaintiff to re-file each of the three memoranda in a form that does not redact the information found in footnote 1 of each of Docket Entries 93, 95 and 97, as well as the information referencing Ms. Conner, except as to the specific reason Ms. Conner did not apply. The remainder of the information Plaintiff redacts within her memoranda relates to sensitive information of non-parties, and, with respect to that information, the privacy interest in protecting such information outweighs the public's First Amendment right of access.

## IV. CONCLUSION

The interest of protecting the privacy of non-parties to this action outweighs the First Amendment right of access to certain materials included in or with the Parties' summary judgment filings. However, because Plaintiff made her own personnel

-27-

information a matter of public concern by bringing this action, because said information appears critical to resolution of this case, and because Plaintiff has failed to articulate any specific harm that might result from the disclosure of that information, Plaintiff's desire to keep said information from the public's view does not outweigh the public's First Amendment right of access.

**IT IS THEREFORE ORDERED** that the Motion to File Document Under Seal by Defendant Joe W. Bowser (in his individual capacity) (Docket Entry 79) is **GRANTED IN PART** and **DENIED IN PART** in that the Clerk shall maintain the unredacted Memorandum of Law in Support of Motion for Summary Judgment of Defendant Joe W. Bowser (in his individual capacity) (Docket Entry 78) under seal on the docket but that Defendant Bowser is ordered to publicly re-file Docket Entry 77 in a form that does not redact the information contained on page 24.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to File Documents Under Seal (Docket Entry 85) is **GRANTED IN PART** and **DENIED IN PART** in that the Clerk shall unseal materials related to Plaintiff's performance (Docket Entries 84-1, 84-2, 84-3, 84-4, 84-6, 84-9, 84-10, 84-11 at 3, 84-12, 84-13, 84-14, 84-15 at 1-8, 84-16 at 30-32, and 84-17) and those documents or portions of documents related to the EEOC charges of Plaintiff or other DSS employees (Docket Entries 84-5, 84-7, 84-8, and 84-16 at 3-9), as well as the page of Plaintiff's deposition with respect to which Defendants withdrew their instant Motion (Docket Entry 84-16 at 14), the continuation of that discussion (see id. at 15) and those

-28-

excerpts discussing DSS customer information which has already become public (see id. 84-16 at 27-29), but shall maintain under seal those documents or portions of documents referencing and/or discussing personnel records of non-parties to this action or discussing DSS customers which have not become public (Docket Entries 84-11 at 4, 84-15 at 9, and 84-16 at 10-13, 16-26).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal Confidential Documents Designated and Filed by Defendants (Docket Entry 87) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Documents Under Seal (Docket Entry 100) is **GRANTED IN PART** and **DENIED IN PART** in that the Court shall maintain under seal Docket Entries 99-3, 99-8, 99-9, 99-12 at 3, 99-16, 99-17 at 5, 99-19 at 1-3, and 104-1 at 8-17, 20-30, 35-36, 40-41, 43, but the Clerk shall unseal Docket Entries 99-1, 99-2, 99-5, 99-6, 99-7, 99-10, 99-11, 99-12 at 1-2, 4, 99-13, 99-14, 99-15, 99-17 at 1-4, 6-10, 99-18, 99-19 at 4-7, and 104-1 at 1-7, 18-19, 31-34, 37-39, 42, 44.

**IT IS FURTHER ORDERED** that Plaintiff shall re-file Docket Entry 99-4 in a redacted form in the same manner as that document appears at Docket Entry 81-17.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Memoranda of Law in Opposition to Defendants' Motions for Summary Judgment Under Seal (Docket Entry 102) is **GRANTED IN PART** and **DENIED IN PART** in that Plaintiff shall re-file Docket Entries 93, 95 and 97 in a form that does not redact the information contained in the first footnote of each of those Docket Entries or that

-29-

information pertaining to Marcia Conner except as to the specific reason she did not apply for a DSS position.

**IT IS FURTHER ORDERED** that all aspects of this Order that provide for the unsealing of documents or the public filing of documents or information at issue herein is **STAYED** until August 5, 2013, to preserve the status quo pending the filing of any objections to this Order. The Clerk shall refer this case back to the undersigned Magistrate Judge for further action on August 6, 2013.

/s/ L. Patrick Auld
**L. Patrick Auld
United States Magistrate Judge**

July 19, 2013