IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GERALDINE ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 1:12CV301 |
| | ) | |
| JOE W. BOWSER, in his official and | ) | |
| individual capacities; DURHAM COUNTY | ) | |
| BOARD OF COUNTY COMMISSIONERS; | ) | |
| DURHAM COUNTY DEPARTMENT | ) | |
| OF SOCIAL SERVICES BOARD; | ) | |
| STAN HOLT, in his official capacity; and | ) | |
| GAIL PERRY, in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

BEATY, District Judge.

This matter is before the Court on a Recommendation of the United States Magistrate Judge [Doc. #115] recommending that (1) the Motion for Summary Judgment filed by Defendants Joe W. Bowser (in his official capacity as a member of the Durham County Board of County Commissioners) and Durham County Board of County Commissioners [Doc. #74] be granted in part and denied in part; (2) the Motion for Summary Judgment filed by Defendant Joe W. Bowser (in his individual capacity) [Doc. #76] be granted in part and denied in part; and (3) the Motion for Summary Judgment filed by Defendants Durham County Department of Social Services ("DSS") Board, Joe W. Bowser (in his official capacity as a DSS Board member), Stan Holt (in his official capacity), and Gail Perry (in her official capacity) [Doc. #82] be granted in part and denied in part. It was further recommended that the Motion to Dismiss filed by Defendants Durham County Board of County Commissioners and Joe W. Bowser (in his official

capacity) [Doc. #22], the Motion to Dismiss filed by Defendants' Joe W. Bowser (in his official capacity as a member of the DSS Board), Stan Holt (in his official capacity), Gail Perry (in her official capacity), and the Durham County DSS Board [Doc. #24], and the Motion to Dismiss filed by Defendant Joe W. Bowser (in his individual capacity) [Doc. #26] be denied as moot.

The Recommendation was filed on August 22, 2013, and notice was served on the parties pursuant to 28 U.S.C. § 636(b). To the extent that the parties have not filed objections, this Court reviews the Recommendation only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Fed. R. Civ. P. 72 advisory committee's note (1983). The Court has appropriately reviewed the portions of the Recommendation where there are no objections and finds that no clear error exists and those portions of the Recommendation will be adopted. Therefore, the Court's subsequent analysis will focus on the portion of the Recommendation that is the subject of timely filed objections.

On September 9, 2013, Defendant Bowser filed timely objections to the Recommendation [see Doc. #127], to the extent that the Recommendation denied summary judgment as to Plaintiff's tortious interference with contract claim. The Court has now reviewed *de novo* the objections and the portions of the Recommendation to which objections were made. See 28 U.S.C. § 636(b)(1)(C) (2012). For the reasons stated below, the Court finds that the objections do, in part, change the substance of the United States Magistrate Judge's ruling. As such, the Court will adopt in part and reject in part the Recommendation [Doc. #115].

Plaintiff filed a Complaint against Defendants asserting claims for "Tortious Interference with Contract" (Compl. [Doc. #3] at ¶¶ 33-40); "Defamation and Slander" (id. at ¶¶ 41-50); "Violation of 42 U.S.C. § 1983" (id. at ¶¶ 51-66); "Whistleblower Claim" (id. at ¶¶ 67-71);

2

"Corum Claim" (id. at ¶¶ 72-75); and "Wrongful Termination in Violation of Public Policy" (id. at ¶¶ 76-78).[1] As to the tortious interference with contract claim, Defendant Bowser moved for summary judgment, alleging that Plaintiff has not made any specific allegations showing that a contractual right to employment existed, specifically that she has not provided evidence of an "Agreement" with her Employer, DSS, embodying this right. (Mem. in Support of Def. Bowser's Mot. for Summ. J. [Doc. #77] at 15-16). Furthermore, Defendant Bowser argues that Plaintiff did not have a valid contract right under the North Carolina State Personnel Act, N.C. Gen. Stat. § 126-1.1, because she did not fulfill the statutory requirements to warrant its protection. (Id. at 16).

In considering the tortious interference with contract claim, the Recommendation concludes, regarding the valid contract right element of the claim,[2] that because a claim for tortious interference may be based on an at-will employment relationship, it is "irrelevant" whether Plaintiff met the statutory requirements to be considered a Career State Employee

---

[1] Each claim was discussed, as they applied to each Defendant, in the Magistrate Judge's Memorandum Opinion and Recommendation [Doc. #115]. The Magistrate Judge granted Defendants' Motions for Summary Judgment [Docs. #74, 76, and 82] as to all of Plaintiff's claims, with the exception of Plaintiff's tortious interference claim that was solely against Defendant Bowser, in his individual capacity. Defendants did not object to the Recommendation, except for Defendant Bowser in objecting to the recommended denial of summary judgment as to Plaintiff's tortious interference claim. To the extent that there were no objections to the recommended ruling, the Court has considered the Recommendation and finds that no clear error exists and will adopt the Magistrate Judge's Recommendation.

[2] The elements of a tortious interference with contract claim are: (1) "a valid contract between plaintiff and a third person which confers upon plaintiff a contractual right against a third person"; (2) "defendant knows of the contract"; (3) "the defendant intentionally induces the third person not to perform the contract"; (4) "and in doing so acts without justification"; (5) "resulting in actual damage to the plaintiff." Embree Constr. Grp., Inc. v. Rafcor, Inc., 330 N.C. 487, 498, 411 S.E.2d 916, 924 (1992).

3

under the North Carolina State Personnel Act or whether she had an employment contract for a stated term. (Mem. Op. and Recommendation [Doc. #115] at 14). The Recommendation also states that Defendant Bowser failed to argue any other basis for summary judgment, besides his argument that Plaintiff did not have a valid contract right. (Id.). Based on these findings, the Recommendation recommends that this Court deny Defendant Bowser's Motion for Summary Judgment [Doc. #76], as it relates to Plaintiff's tortious interference claim. As will be determined later, Defendant Bowser's objection requests that the Court reject the Recommendation, in part.

In his objections, however, Defendant Bowser does not object to the Recommendation to the extent that it recommends that this Court deny Defendant Bowser's Motion for Summary Judgment with regard to his request for attorneys' fees under 42 U.S.C. § 1988. Nor does he object to the Recommendation to the extent that it recommends that this Court grant Defendant Bowser's Motion for Summary Judgment for the remaining claims, other than the tortious interference claim. Defendant Bowser does object, however, to the extent that the Recommendation recommends that the Court deny his Motion for Summary Judgment with regard to Plaintiff's tortious interference with contract claim. In so objecting, Defendant Bowser contends that Plaintiff's valid contract right argument cannot be resolved on the basis of an at-will employment relationship with DSS because Plaintiff initially grounded her Complaint on the existence of an "Agreement" only. (Def. Bowser's Objections to Mem. Op. and Recommendation [Doc. #127] at 12; see Compl. [Doc. #3] at ¶ 40). Additionally, Defendant Bowser states that Plaintiff, in an attempt to save her claim, improperly "abandoned her theory that her tortious interference with contract claim was based on an 'Agreement' and, instead,

4

switched gears to contend that her claim was 'based on an at-will employment relationship'" in her brief opposing his Motion for Summary Judgment.[3] (Def. Bowser's Objections to Mem. Op. and Recommendation [Doc. #127] at 10; see Def. Bowser's Reply to Pl.'s Mem. of Law in Opp'n to Mot. for Summ. J. [Doc. #109] at 9; Pl.'s Mem. of Law in Opp'n to Def. Bowser's Mot. for Summ. J. [Doc. #93] at 15). As to the portion of the Recommendation that finds that Defendant Bowser failed to argue any other basis for summary judgment, Defendant Bowser further objects by stating that he made numerous arguments stating why Plaintiff's tortious interference claim fails as a matter of law, including "that [he] '*did not intentionally induce a third person not to perform any contract.*'" (Def. Bowser's Objections to Mem. Op. and Recommendation [Doc. #127] at 11; Def. Bowser's Mot. for Summ. J. [Doc. #76] at 2). Finally, Defendant Bowser requests that this Court reject the Recommendation, in part, and dismiss Plaintiff's tortious interference with contract claim, with *prejudice*. (Def. Bowser's Objections to Mem. Op. and Recommendation [Doc. #127] at 2).

With respect to Defendant Bowser's first objection, regarding what forms the basis of Plaintiff's tortious interference with contract claim, Defendant Bowser contends that the theory

---

[3]Defendant Bowser is mistaken in his assertion that Plaintiff abandoned the original basis of her tortious interference claim, which was essentially that she had a contractual "Agreement" for employment with DSS based on her status as a Career State Employee under the North Carolina Personnel Act. (See Compl. [Doc. #3] at ¶¶ 12, 34, 36 - 37, 40). In her brief opposing Defendant Bowser's Motion for Summary Judgment, Plaintiff does argue that her claim for tortious interference with contract is properly based on an at-will employment relationship; but she also maintains, in the alternative, that DSS needed just cause to terminate her under the North Carolina State Personnel Act. (Pl.'s Mem. of Law in Opp'n to Def. Bowser's Mot. for Summ. J. [Doc. #93] at 15). However, the Court accepts Defendant Bowser's argument as being correct that the Magistrate Judge erred in finding that it is irrelevant whether Plaintiff's tortious interference claim is based on her meeting the requirements under the North Carolina State Personnel Act or an at-will employment basis.

5

supporting her claim varied from the allegations in the Complaint. Instead, Plaintiff asserts a new theory in opposition to Defendant Bowser's Motion for Summary Judgment. Fourth Circuit courts have consistently concluded that a party may not use a brief opposing summary judgment to amend a complaint. See Wahi v. Charleston Area Med. Ctr., 562 F.3d 599, 616-17 (4th Cir. 2009); Cloaninger ex rel. Estate of Cloaninger v. McDevitt, 555 F.3d 324, 336 (4th Cir. 2009); Barclay White Skanska, Inc. v. Battelle Mem'l Inst., 262 F. App'x 556, 564 (4th Cir. 2008) (unpublished); Hexion Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2011 WL 4527382, at *7 (E.D.N.C. Sept. 28, 2011) (unpublished). For that reason, the Court will not consider Plaintiff's theory of an at-will employment relationship as a basis for Plaintiff's tortious interference claim in resolving this Motion. In essence, this means that the Court will not allow Plaintiff to raise a new argument at the summary judgment stage, the basis of which was not evident from the Complaint. See, e.g., Cloaninger, 555 F.3d at 336 (holding that the plaintiff could not change the basis of his malicious prosecution claim for the first time in his response to the defendants' motion for summary judgment); Barclay White Skanska, 262 F. App'x at 564 (stating that the plaintiff's amended complaint did not put the defendant on notice that disputed change orders were part of the calculation for damages in its breach of contract claim). This concept derives from the notice pleading standard, that the defendant should have "'fair notice of what the [plaintiff's] claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)). Therefore, the Court should not construe a complaint so liberally that it deprives a defendant of notice. Barclay White Skanska, 262 F. App'x at 563.

Upon review, Plaintiff's Complaint makes it clear that the initial basis of her tortious interference claim, in terms of whether a valid contract existed, was her alleged contract right as a Career State Employee under the North Carolina State Personnel Act. This is considerably different from an allegation of an at-will employment relationship with DSS, which is not in the Complaint. Rather, Plaintiff states in her Complaint that, as Director of Social Services, she was an "employee entitled to the protections of the North Carolina State Personnel Act, including the provision that prohibits the termination of her employment except for just cause." (Compl. [Doc. #3] at ¶ 12). Furthermore, in reference to her tortious interference with contract claim, Plaintiff alleged that a "valid contract *right* for employment existed between [her] and DSS" and Defendant Bowser interfered with this "Agreement" when he induced her termination "without just cause." (Id. at ¶¶ 34, 36 - 37, 40) (emphasis added). Furthermore, in Plaintiff's Memorandum of Law in Opposition to Def. Bowser's Motion to Dismiss [Doc. #37], Plaintiff merely states that although she "could predicate a claim for tortious interference with contract on at-will employment with DSS," her claim based upon an alleged contract right is "stronger" because DSS needed "just cause" to terminate her under the North Carolina State Personnel Act.[4] (Pl.'s Mem. of Law in Opp'n to Def. Bowser's Mot. to Dismiss [Doc. #37] at 3-4). Finally, in her deposition, Plaintiff affirms her theory of a contract right as a basis for her tortious interference claim because she believed she had a contract of employment with DSS

---

[4] Thus, to the extent that Plaintiff was aware she could predicate her claim on an at-will basis, she had the option to simply amend her Complaint to reflect this theory for relief after this realization occurred. See Carlton v. Franklin, 911 F.2d 721, 1990 WL 116788, at *3 (4th Cir. 1990) (unpublished); Barclay White Skanska, 262 F. App'x at 563.

because, among other things, she never received a letter "highlighting the fact that [she] was an at-will employee." (Pl.'s Dep. 176:1-2 [Doc. #81-32]).

The Court also notes that Plaintiff did not actually argue, in the alternative, an at-will employment status as the basis for her tortious interference claim, until she filed her brief opposing Defendant Bowser's Motion for Summary Judgment, where she stated that her Offer Letter [Doc. #81-1] for employment with DSS was a contract without a stated term entitling her to an at-will employment argument.[5] (Pl.'s Mem. of Law in Opp'n to Def. Bowser's Mot. for Summ. J. [Doc. #93] at 15). However, Plaintiff's Complaint cannot be construed as giving Defendant Bowser notice that her tortious interference claim was based on an at-will employment basis. Accordingly, because Plaintiff maintains in her Complaint and throughout her briefing that she could only be fired for just cause, Plaintiff's at-will argument, presented for the first time in her response brief at the summary judgment stage, is not properly before the Court. See Barclay White Skanska, 262 F. App'x at 563 (noting that the proper way to raise new arguments at the summary judgment stage is to amend the complaint). Thus, in light of the foregoing reasons and cited case law, this Court cannot sustain Plaintiff's argument or adopt the Magistrate Judge's Recommendation that Plaintiff had previously asserted or given Defendant

---

[5] Under North Carolina law, "[w]here a contract of employment does not fix a definite term, it is terminable at the will of either party, with or without cause, except in those instances in which the employee is protected from discharge by statute." Smith v. Ford Motor Co., 289 N.C. 71, 80, 221 S.E.2d 282, 288 (1976); see Wuchte v. McNeil, 130 N.C. App. 738, 740, 505 S.E.2d 142, 144 (1998). Additionally, a contract terminable at the will of either party does not require a just cause determination. See Johnson v. North Carolina, 905 F. Supp. 2d 712, 724 (W.D.N.C. 2012) (citing E.E.O.C. v. Safelite Glass Corp., No. 4:10-CV-102-F., 2012 WL 3266333, at *14 (E.D.N.C. Aug. 9, 2012).

Bowser notice that an at-will relationship was the basis of her tortious interference claim. Therefore, the Court will determine, for the purpose of this claim, whether Plaintiff had a valid contract to support her tortious interference claim by assessing Plaintiff's purported contract right allegedly derived from her status as a Career State Employee under the North Carolina State Personnel Act.

Under Federal Rule of Civil Procedure 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether to grant summary judgment, the Court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, all such inferences must be justifiable in light of competing inferences. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356.

The party moving for summary judgment has the initial burden of "showing" that there is no genuine dispute as to any material fact requiring trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). The Celotex Court stated that a showing merely requires the moving party to point out to the district court that there is an absence of evidence supporting the nonmovant's claim. Id. Once the movant satisfies this burden, it is shifted to the nonmovant, who must then set forth "specific facts showing that there is a *genuine issue for trial*." Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citing Fed. R. Civ. P. 56(e)). Specifically, the nonmovant must convince the Court that evidence exists creating a

9

genuine dispute for the fact finder.  See Anderson, 477 U.S. at 252, 106 S. Ct. at 2512.  If no rational trier of fact could find for the nonmovant, based on the available evidence, there is no genuine dispute for trial.  Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356.

Pleadings alone, however, in the absence of evidence to create a genuine dispute of material fact, are insufficient to warrant denial of summary judgment.  See Fed. R. Civ. P. 56(e) advisory committee's notes (1963).  The goal of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Id.  Despite the best efforts of a party to make accurate pleadings, it may very well be "overwhelmingly contradicted by the proof available to his adversary."  Id.

In his various Motions and briefs in support of those Motions, Defendant Bowser has pointed out an absence of evidence supporting Plaintiff's contention that she had a valid contractual right to employment.  Specifically, he consistently argued that Plaintiff has not provided evidence of an employment contract supporting her allegations that she could only be terminated for just cause.  Defendant Bowser also has asserted that Plaintiff is not entitled to this defense under the North Carolina State Personnel Act.  Thus, Defendant Bowser effectively has shifted the burden to Plaintiff to set forth "specific facts" showing that there is a genuine dispute of material fact regarding her contractual right of employment requiring just cause for her termination.  In assessing Plaintiff's contention that she had a valid contract right under the North Carolina State Personnel Act, the Court finds that Plaintiff has not met the requirements to be considered a Career State Employee so as to entitle her to the protections under the Act, which under the circumstances would require a showing that she was entitled to a just cause

10

determination before she was terminated. Under N.C. Gen. Stat. § 126-1.1, a person that works for a qualifying local entity[6] is only deemed a Career State Employee for the purposes of the State Personnel Act if that person 1.) has "a permanent position appointment" *and* 2.) has been "continuously employed by the State of North Carolina or a [qualifying] local entity" for 24 months. N.C. Gen. Stat. § 126-1.1 (2011). Only if these requirements are satisfied,[7] will an employee be entitled to the protection of the State Personnel Act, specifically, a required just cause finding before termination. See § 126-35. Turning to the first prong of § 126-1.1, Plaintiff asserts in her deposition that she believed she attained permanent status as an employee because of the letters she received from the DSS Board. (Pl.'s Dep. 175:17-20 [Doc. #81-32]). Also, there is at least some basis that Plaintiff's belief was reasonable based on the Performance Review Letter from Gladys Dunston to Carolyn Titus dated April 21, 2010 [Doc. #84-1]. Specifically, the letter states that the DSS Board recommended Plaintiff to become a permanent DSS employee. (Id.). Thus, looking at the facts in the light most favorable to Plaintiff, there is a genuine dispute of material fact regarding whether Plaintiff did attain a permanent position appointment.

---

[6] A qualifying local entity for the purposes of § 126-1.1 includes "[l]ocal social services departments." N.C. Gen. Stat. § 126-5(a)(2)(b) (2011). Thus, the Durham County Department of Social Services, Plaintiff's employer, is a qualifying local entity.

[7] Section 126-5(c)(1) states that the provisions of Chapter 126 do not apply to a "[s]tate employee who is not a career State employee." N.C. Gen. Stat. § 126-5(c)(1) (2011).

However fulfilling the first prong of the statute is meaningless if the second prong cannot be satisfied.[8] Looking to the second prong of § 126-1.1, there is no question that Plaintiff failed to fulfill the 24-month employment requirement to be considered a Career State Employee. Even Plaintiff's own assertion in her Complaint acknowledges that she was hired on September 14, 2009 and that the decision to terminate her was made on July 27, 2011.[9] Ultimately, she was notified of her termination on August 3, 2011. (Compl. [Doc. #3] at ¶¶ 20, 26, 29). Even considering the longest possible range of her employment (September 14, 2009 to August 3, 2011), Plaintiff was not a DSS employee for the full 24 months required by the North Carolina State Personnel Act.[10] Therefore, looking at the evidence in the light most favorable to Plaintiff, there is no genuine dispute of material fact regarding Plaintiff's lack of status as a Career State Employee because she did not meet the 24-month statutory requirement to warrant protection under the North Carolina State Personnel Act.

To the extent Plaintiff alleges in her Complaint that she had some "Agreement" with DSS that is not premised on her status as a Career State Employee, she has failed to provide

---

[8] "Permanent appointments do not confer career status. Career status is achieved only when [both] conditions set out in G.S. 126-1.1 are met." 25 N.C. Admin. Code 1I.2002 (2013).

[9] Although the Complaint alternatively states that the decision to terminate Plaintiff was made on June 27 and July 27 of 2011 [Doc. #3 at ¶¶ 15, 26], her termination letter [Doc. #81-2] states that the decision was made July 27, 2011.

[10] Although Plaintiff was offered her position on July 28, 2009, Plaintiff's September 14, 2009 start date is the applicable date for the purposes of meeting the 24-month statutory period. See Early v. Cnty. of Durham Dep't of Soc. Servs., 172 N.C. App. 344, 353, 616 S.E.2d 553, 560 (2005) (discussing the North Carolina General Assembly's intent regarding the 24-month *length of service* requirement to be a Career State Employee). Furthermore, Plaintiff does not make any specific arguments about satisfying the 24-month time requirement to become a Career State Employee.

evidence of an agreement that supports her allegations that she could only be terminated for just cause. In her deposition, Plaintiff stated that she believed her contract of employment was based on her belief that she "attained permanent [employee] status" and that she never received a letter stating that she was an at-will employee. (Pl.'s Dep. 175:17-176:1 [Doc. #81-32]). However, Plaintiff has never established that her beliefs alone elevated her to a status requiring just cause for her termination, which she maintains was a requirement before she could be fired. In fact, the only point of reference Plaintiff relies on in alleging that she could only be terminated for just cause is the North Carolina State Personnel Act. (See Pl's Mem. of Law in Opp'n to Def. Bowser's Mot. for Summ. J. [Doc. #93] at 15; Mem. of Law in Opp'n to Def. Bowser's Mot. to Dismiss [Doc. #37] at 3-4; Compl. [Doc. #3] at ¶ 12). As the Court previously determined, above, that Plaintiff cannot rely on the North Carolina State Personnel Act to justify her just cause argument, Plaintiff has failed to set forth "specific facts" showing that there is a genuine dispute as to her alleged contractual right to employment. Furthermore, Plaintiff admits in her deposition that she had no contractual right of employment, which she discovered on June 30, 2011, because she did not meet the two-year statutory requirement to be protected under the North Carolina State Personnel Act. (Pl.'s Dep. 176:3-19 [Doc. #81-32]).

Thus, despite Plaintiff's best efforts to allege that she had a contractual right of employment requiring just cause for her termination, these efforts were "overwhelmingly contradicted by the proof" available to Defendant Bowser and his counsel. Therefore, for the foregoing reasons, the Court finds that there is no genuine dispute of material fact regarding the nonexistence of Plaintiff's alleged contract right. As such, the Court concludes that Defendant

13

Bowser is entitled to judgment as a matter of law as to Plaintiff's claim of tortious interference based upon a contract right.

As to Defendant Bowser's second objection to the Recommendation, stating that he indeed argued other bases for awarding summary judgment, the Court will not address such arguments because they are rendered moot in light of the Court granting Defendant Bowser's Motion for Summary Judgment regarding Plaintiff's tortious interference with contract claim on other grounds addressed herein.

Therefore, for the foregoing reasons, the Court will adopt in part and reject in part the Magistrate Judge's Recommendation [Doc. #115].

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment filed by Defendant Joe W. Bowser (in his individual capacity) [Doc. #76] is GRANTED IN PART and DENIED IN PART. Specifically, Defendant's Motion for Summary Judgment is GRANTED as to all of Plaintiff's claims, including Plaintiff's tortious interference with contract claim, and such claims are DISMISSED WITH PREJUDICE but the Court declines to award attorneys' fees under 42 U.S.C. § 1988.

IT IS FURTHER ORDERED, consistent with the Magistrate Judge's Recommendation, that the Motion for Summary Judgment filed by Defendants Joe W. Bowser (in his official capacity as a member of the Durham County Board of County Commissioners) and Durham County Board of County Commissioners [Doc. #74] and the Motion for Summary Judgment filed by Defendants Durham County DSS Board, Joe W. Bowser (in his official capacity as a DSS Board member), Stan Holt (in his official capacity), and Gail Perry (in her official capacity)

[Doc. #82] are GRANTED IN PART and DENIED IN PART. Specifically, Defendants' Motions for Summary Judgment are GRANTED as to all of Plaintiff's claims and such claims are DISMISSED WITH PREJUDICE but the Court declines to award attorneys' fees under 42 U.S.C. § 1988.

IT IS FURTHER ORDERED, also consistent with the Magistrate Judge's Recommendation, that the Motion to Dismiss filed by Defendants Durham County Board of County Commissioners and Joe W. Bowser (in his official capacity) [Doc. #22], the Motion to Dismiss filed by Defendants' Joe W. Bowser (in his official capacity as a member of the DSS Board), Stan Holt (in his official capacity), and Gail Perry (in her official capacity), and the Durham County DSS Board [Doc. #24], and the Motion to Dismiss filed by Defendant Joe W. Bowser (in his individual capacity) [Doc. #26] are DENIED AS MOOT.

FINALLY, IT IS ORDERED that this case is DISMISSED.

A judgment will be entered contemporaneously herewith.

This, the 16th day of October, 2013.

_____
United States District Judge